UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHOXAY SOUVANNARATH,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No.  1:25-cv-01524-DAD-EFB

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.  Because petitioner has since been removed from the United States, the undersigned recommends the petition be dismissed as moot.

**BACKGROUND**

Petitioner, a Laotian national, initiated this action seeking habeas corpus relief under 28 U.S.C. § 2241, on November 10, 2025, alleging that he was unlawfully held in the custody of Immigration and Customs Enforcement (ICE).  ECF No. 1.  The same day, he moved for appointment of counsel.  ECF No. 2.

On December 8, 2025, petitioner filed an amended petition for writ of habeas corpus, alleging four grounds for relief: that his continued detention violates the due process clause and Immigration and Nationality Act (INA); that his detention without notice and a pre-deprivation hearing violates due process and the Administrative Procedures Act (APA); that the third-country removal process to which petitioner may be subject violated due process, the INA, the APA, and

1

international law; and that petitioner's removal to a third country would violate the Fifth and Eighth Amendments. ECF No. 6. As relief, petitioner sought immediate release from custody, an order that respondents could not remove or seek to remove petitioner to a third country without notice and a meaningful opportunity to be heard, and an order limiting the third countries to which petitioner could be removed. ECF No. 6 at 20. On December 15, 2025, the undersigned granted petitioner's motion for appointment of counsel, ordered respondents to file an answer, and ordered that respondents could not move petitioner outside of this judicial district pending further order of the court. ECF No. 7.

On January 2, 2026, respondents filed an answer to the amended petition. ECF No. 13. In it, respondents represent that, on November 26, 2025, ICE received a travel document from the Laotian government authorizing petitioner's removal there. ECF No. 13 at 2 & Ex. 1. Respondents represent to the court that prior to the issuance of this court's order that the petitioner not be moved outside of this district, petitioner was transported, on December 12 or 13, 2025, to a detention facility in Texas. ECF No, 13 at 2 & Ex. 2. On December 16, 2025, petitioner was deported to Laos from Texas. ECF No. 13 at 2 & Ex. 3; *see* ECF No. 14.

**DISCUSSION**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013). This requirement extends through the life of the case; a case must be dismissed if it becomes moot at any state. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997); *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In a habeas corpus action challenging immigration detention, the case becomes moot if the petitioner is deported, unless the petitioner alleges he will suffer some form of adverse collateral consequence in addition to deportation from the harms alleged in the petition. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003).

Here, the amended petition challenged only petitioner's pre-removal detention and possibility of removal to a country other than Laos and, as relief, he sought release with an order limiting respondents' abilities to remove petitioner to a third country. ECF No. 6 at 4-20. As

2

petitioner has since been deported to Laos, his claims challenging his detention and the possibility of removal to another country have become moot. *See Abdala*, 488 F.3d at 1064-65. The amended petition alleged no collateral consequences that would be redressed by a ruling in his favor. *See id.*; *see also* ECF No. 14. Because there is no extant controversy on which the court can act, the undersigned recommends the petition be dismissed. *See Abdala*, 488 F.3d at 1065.

## CONCLUSION

Accordingly, it is RECOMMENDED that the Amended Petition for Writ of Habeas Corpus (ECF No. 6) be DISMISSED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3